UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STEVEN M. SPIEGEL )
)
Plaintiff, )
) Civil Action No. 01-2195 (PLF/DAR)
v. ) Civil Action No. 02-2546 (PLF/DAR)
) Civil Action No. 03-1928 (PLF/DAR)
MICHAEL LEAVITT, )
Administrator, United States )
Environmental Protection Agency, )
)
Defendant. )

## MEMORANDUM OPINION

This matter is before the court on cross motions for summary judgment, regarding which Magistrate Judge Robinson issued a Report and Recommendation on September 22, 2005. On October 11, 2005, the Court entered an Order and Judgment adopting the Report and Recommendation of Magistrate Judge Robinson and granting judgment for defendant in each of the above-captioned consolidated cases. Recognizing that it had acted prematurely, the Court vacated that Order on October 19, 2005. Thereafter, plaintiff filed objections to the Report and Recommendation of Magistrate Judge Robinson, and the defendant responded thereto.

Rule 72(b) of the Federal Rules of Civil Procedure authorizes the referral of dispositive motions to a magistrate judge for a report and recommendation. When a party files written objections to any part of the magistrate judge's recommendation, the Court considers *de novo* those portions of the recommendation to which objections have been made, and "may accept, reject, or modify the recommended decision[.]" FED.R. CIV.P. 72(b).

The facts and circumstances of this case are set forth in somewhat more detail in Magistrate Judge Robinson's Report, but some of the relevant facts are as follows. Plaintiff was employed as an attorney for the United States Environmental Protection Agency. See Report at 2. In his complaint he states that he filed administrative complaints of discrimination and retaliation on at least 35 occasions between 1993 and 2000. See id. The claims remaining before the Court are for religious discrimination, retaliation, hostile work environment due to religion and in retaliation, and violation of the Privacy Act. See id. at 4.

Defendant moved for summary judgment on all remaining claims, arguing that plaintiff cannot make out a *prima facie* case for his employment discrimination, retaliation, or hostile work environment claims, or show that defendant's non-discriminatory and non-retaliatory reasons for taking the actions at issue were a pretext for unlawful discrimination. See Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment at 21-36 ("Def's Mot."); see also Report at 5. Defendant also argues that plaintiff cannot prove that defendant's disclosure of his records was "willful and intentional" for purposes of the Privacy Act, or that he suffered actual damages as a result. See Def's Mot. at 14-19; Report at 5. Plaintiff moved for summary judgment on the issue of liability with respect to his religious discrimination, retaliation and hostile work environment claims, but not his Privacy Act claims. See Memorandum in Support of Plaintiff's Motion for Summary Judgment at 1 ("Pl's Mot."); Report at 6.

With respect to plaintiff's discrimination, retaliation, and hostile work environment claims, Magistrate Judge Robinson found that "Plaintiff has failed to offer either evidence that the reasons offered by Defendant for the challenged actions were pretextual, or any

other evidence from which a violation of Title VII might be inferred." See Report at 12. She also found that the plaintiff failed to controvert the material facts identified by the defendant, and in his opposition offered only a narrative account of his version of the events, which was in any event not material. See id. at 13. The Court therefore may deem admitted all of the material facts identified by the defendant in his Statement of Material Facts. See Local Rule 7(h); Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 154 (D.C. Cir. 1996); Report at 14. Judge Robinson also found that whether the Court deemed those facts admitted would not matter, since the plaintiff did not offer evidence of pretext. See Report at 14. She recommended that defendant's motion for summary judgment be granted. See id. at 18.

Magistrate Judge Robinson also found that with respect to his cross motion for summary judgment, the plaintiff has not demonstrated that he is entitled to judgment as a matter of law on the issue of liability with respect to his Title VII claims. See Report at 15. She therefore recommended that his motion be denied. See id.

With respect to the defendant's motion for summary judgment on the Privacy Act claim, Magistrate Judge Robinson recommended that the motion be granted. She found that – as was the case with respect to the Title VII claims – the plaintiff "fails to identify a genuine issue of fact for trial" and "offered no evidence in support of his claim that he has incurred [damages.]" See Report at 17-18.

Reviewing *de novo* Magistrate Judge Robinson's Report and Recommendation, the briefs filed by the parties, and the entire record in these cases, the Court agrees with, accepts, and adopts the Report of Magistrate Judge Robinson, grants summary judgment for the defendant, and denies plaintiff's motion for summary judgment. An Order and Judgment accompanying this Memorandum Opinion shall issue this same day.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 11/3/06